UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELLE LALLI,

        Plaintiff,

  -v-

WARNER BROS. DISCOVERY, INC.,

        Defendant.

Civil Action No. 1:24-cv-03178-LJL

# REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS AND MOTION TO TRANSFER VENUE TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA

**LITTLER MENDELSON, P.C.**
900 Third Avenue
New York, New York 10022
212.471.4404
Attorneys for Defendant

*Of Counsel and on the brief:*
William J. Anthony, Esq.

**TABLE OF CONTENTS**

**PAGE**

I. PRELIMINARY STATEMENT ........................................................................................ 1
II. PLAINTIFF'S NYSHRL AND NYCHRL CLAIMS MUST BE DISMISSED FOR LACK OF JURISDICTION ..................................................................................... 1
III. PLAINTIFF'S REMAINING CLAIMS SHOULD BE TRANSFERRED TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA ........................................................................................................................ 7
    A. PLAINTIFF'S CHOICE OF FORUM IS NOT ENTITLED TO DEFERENCE BECAUSE THE OPERATIVE FACTS OCCURRED IN GEORGIA ........................................................................................................... 7
    B. PLAINTIFF'S OPPOSITION DOES NOTHING TO REFUTE THAT THE ALLEGED CONDUCT OCCURRED IN THE NORTHERN DISTRICT OF GEORGIA. .................................................................................. 7
    C. THE CONVENIENCE OF THE WITNESSES WEIGHS HEAVILY IN FAVOR OF TRANSFER. ................................................................................ 9
    D. THE NORTHERN DISTRICT OF GEORGIA'S FAMILIARITY WITH THE LAWS ALLEGED TO SUPPORT PLAINTIFF'S CLAIMS IS A FACTOR IN FAVOR OF TRANSFER. .............................................................. 11
    E. THE LOCATION OF DOCUMENTS AND CONVENIENCE AND RELATIVE MEANS OF THE PARTIES ARE EITHER NEUTRAL OR FAVOR TRANSFER ..................................................................................... 12
IV. PLAINTIFF'S COMPLAINT MUST BE DISMISSED BECAUSE IT FAILS TO COMPLY WITH FED. R. CIV. P. 8 ............................................................................... 13
V. CONCLUSION ............................................................................................................... 15

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Anderson v. HotelsAB, LLC*,
   2015 WL 5008771 (S.D.N.Y. 2015)...................................................................................5

*Andrews v. A.C. Roman & Assocs., Inc.*,
   914 F. Supp 2d 230 (N.D.N.Y. 2012).............................................................................7, 8

*Bahr v. City University of New York/York College*,
   No. 15-CV-4380 (MKB), 2016 U.S. Dist. LEXIS 171492 (E.D.N.Y. Dec. 9, 2016) ...............................................................................................................................14

*Benham v. eCommission Solutions, LLC*,
   118 A.D.3d 605 (1st Dept. 2014).................................................................................3, 4

*Cohn v. Keyspan Corp.*,
   713 F. Supp. 2d 143 (E.D.N.Y. 2010) .......................................................................13, 14

*Dickerson v. Novartis Corp.*,
   315 F.R.D. 18 (S.D.N.Y. 2016) ..................................................................................7, 13

*E.E.O.C. v. Bloomberg L.P.*,
   967 F. Supp 2d 816 (S.D.N.Y. 2013)........................................................................4, 5, 6

*Fried v. LVI Servs.*,
   500 Fed. Appx. 39 (2d Cir. 2012) ....................................................................................4

*Fuji Photo Film Co., Ltd. v. Lexar Media, Inc.*,
   415 F. Supp. 2d 370 (S.D.N.Y. 2006)............................................................................13

*Guardian Life Insurance Company of America v. Coe*,
   2024 WL 1161361 (S.D.N.Y. March 19, 2024) ............................................................11

*Hardwick v. Auriemma*,
   116 A.D. 3d 465, 983 N.Y.S.2d 509 (1st Dep't 2014) ....................................................5

*Hoffman v. Parade Pbls.*,
   15 N.Y.3d 285 (2010) ..................................................................................................2, 4

*Holland v. JPMorgan Chase Bank, N.A.*,
   2019 WL 4054834 (S.D.N.Y. Aug. 28, 2019)..........................................................3, 8, 9

*Int'l Healthcare Exch, Inc. v. Glob. Healthcare Exch., LLC*,
   40 F. Supp. 2d 345 (S.D.N.Y. 2007)................................................................................5

*International Health Exchange, Inc. v. Global Healthcare Exchange, LLC*,
 470 F. Supp. 2d 345 (S.D.N.Y. 2007)...................................................................................9

*Jackson v. Pilgrim Psychiatric Ctr.*,
 2023 WL 3687778 (S.D.N.Y. May 26, 2023) ....................................................................7, 8

*Jarusauskaite v. Almod Diamonds*, Ltd.,
 198 A.D.3d 458, 152 N.Y.S.3d 579 (1st Dep't 2021) ........................................................5

*Kropschot Financial Services, Inc. v. Balboa Capital Corp.*,
 2012 WL 1870697 (S.D.N.Y. May 21, 2012) ...................................................................10

*Matson v. Bd. Of Educ. Of the City Sch. Dist. of N.Y.*,
 631 F.3d 57 (2d Cir. 2011)...........................................................................................3, 8, 9

*Meilus v. Rest. Opportunities Ctr. United, Inc.*,
 No. 21-CV-02554 (CM), 2021 WL 4868557 (S.D.N.Y. Oct. 15, 2021) .........................2, 4, 6

*Pakniat v. Moor*,
 145 N.Y.S.3d 30 (2021)........................................................................................................6

*Phillips v. Reed Group, Ltd.*,
 955 F. Supp. 2d 201 (S.D.N.Y. 2013)................................................................................11

*Reddy v. Catone*,
 No. 5:13-CV-707 (MAD)(ATB), 2014 U.S. Dist. LEXIS 79622 (N.D.N.Y.
 June 11, 2014), *aff'd* 630 Fed Appx. 120 (2d Cir. 2015)..................................................14

*Royal Ins. Co. of America v. United States*,
 998 F. Supp. 351 (S.D.N.Y. 1998) .....................................................................................11

*Salahuddin v. Cuomo*,
 861 F.2d 40 (2d Cir. 1988)..................................................................................................15

*Tlapanco v. Elges*,
 207 F. Supp. 3d 324 (S.D.N.Y. 2016).................................................................................12

*Vangas v. Montefiore Medical Center*,
 823 F.3d 174 (2d Cir. 2016).................................................................................................6

*Wolf v. Imus*,
 170 A.D.3d 563, 96 N.Y.S. 3d 54 (2019) ............................................................................6

*Wynder v. McMahon*,
 360 F.3d 73 (2d Cir. 2004)..................................................................................................15

# TABLE OF CONTENTS
(CONTINUED)

PAGE

**Statutes**

New York City Human Rights Law.......................................................................................... *passim*

New York State Human Rights Law ...................................................................................... *passim*

**Other Authorities**

Federal Rule Civil Procedure 8................................................................................1, 13, 14, 15

Fed. R. Civ. P. 8(a), (d)...............................................................................................................13

Rule 12(b)(6)................................................................................................................................15

## I. PRELIMINARY STATEMENT

Defendant Warner Bros. Discovery, Inc. ("WBD" or "Defendant") submits this Reply Brief in Support of its Motion to Dismiss and Motion to Transfer Venue. (*See* Memorandum of Law in Support of Defendant's Motion to Dismiss and Motion to Transfer Venue to the United States District Court for the Northern District of Georgia ("Defendant's MOL"), Dkt. No. 10). Plaintiff's claims under the New York State Human Rights Law ("NYSHRL") and New York City Human Rights Law ("NYCHRL") should be dismissed because these statutes do not protect an employee like Plaintiff who did not work or live in New York and, therefore, was not impacted by employment actions in New York. As detailed in Defendant's MOL, Plaintiff's Complaint fails to comply with Fed R. Civ. P. 8; thus, the Court should dismiss the complaint and require Plaintiff to file a complaint that complies with Rule 8 and that contains a short and plain statement of her claims. Finally, Plaintiff's remaining claims should be transferred to the Northern District of Georgia because that is where the relevant events occurred, where Plaintiff lived and worked, where she allegedly experienced discriminatory conduct, and where the court will be familiar with the law applicable to Plaintiff's Georgia common law claims.

## II. PLAINTIFF'S NYSHRL AND NYCHRL CLAIMS MUST BE DISMISSED FOR LACK OF JURISDICTION

Defendant's motion relies on Plaintiff's own allegations in her Complaint to show that she is not a New York resident or employee and that she did not suffer an "impact" from discrimination in the State of New York or New York City. Plaintiff admits that she lived and worked in Georgia, (*see* Complaint at pp. 2-3, ¶¶2, 9; EEOC Aff. ¶2; Defendant's MOL at p. 12), but she attempts to manufacture jurisdiction in New York with new and irrelevant facts provided in her Opposition and attached Declaration. Plaintiff claims that her job was "heavily involved in New York and specifically New York City, and that "most of her team members (i.e., her subordinates) worked

1

out of Warner Bros. Discovery's NYC officers, her leadership was likewise mostly based out of the NYC offices, and senior HR personnel were also based out of the NYC offices." (*See* Plaintiff's Opposition to Defendant's Motion to Dismiss and Motion to Transfer Venue to Georgia ("Opp."), Dkt. No. 23 at p. 13; Dkt. No. 23-1 at Exhibit A, ¶¶ 9-19). These allegations, most of which are newly added through Lalli's Declaration attached to her opposition, have no legal significance with respect to the applicability of the NYSHRL or the NYCHRL. *See Hoffman v. Parade Pbls.*, 15 N.Y.3d 285, 289-91 (2010); *Meilus v. Rest. Opportunities Ctr. United, Inc.*, No. 21-CV-02554 (CM), 2021 WL 4868557, at *10 (S.D.N.Y. Oct. 15, 2021). She still fails to allege facts that suggest she suffered any "impact" from discrimination in New York.

In addition to neither living or working in New York, Plaintiff does not allege that she ever traveled to Defendant's New York offices for work or meetings with any members of the Compensation team or any other WBD employees. (*See* EEOC Aff. ¶70; Defendant's MOL at p. 13). Based on the allegations in her Complaint, Plaintiff's direct supervisors, worked and lived in either California (Jean Ermer) or in North Carolina (Ralph Beidelman); Plaintiff does not allege that either Ms. Ermer or Mr. Beidelman ever worked in New York. According to Plaintiff's Complaint, Joe Song did not supervise Plaintiff; instead, he was Jean Ermer's supervisor. (Complaint at p. 10, ¶ 16). Moreover, Plaintiff does not allege in her Complaint that Joe Song[1] lived and/or worked in New York State or New York City at any times relevant to her claims. In fact, Joe Song lived and worked in California after September 2021. (Beidelman Decl. ¶ 15; Defendant's MOL at p. 15). Plaintiff similarly fails to allege in her Complaint that Jim Cummings, who was the Senior VP of HR for WarnerMedia before its merger with Discovery in April 2022, was her supervisor. Instead, Plaintiff alleges *for the first time* in her Opposition and Declaration

---

[1] Plaintiff incorrectly identifies Joe Song as "Jong Song" in her Opposition.

that "based on information and belief" Mr. Cummings was made aware of her complaints. (Opp. at p. 7; Lalli Decl. at ¶ 15). This new assertion in her Opposition and Declaration is irrelevant as Plaintiff does not allege that Mr. Cummings participated in any decisions that impacted her employment. She does not allege how his alleged "awareness" of her complaints impacted her employment in any way. Additionally, in her Complaint, Plaintiff vaguely alleges that some team members lived and worked in New York, but she does not identify those team members by name. (Complaint at ¶ 11).[2] Even if these new allegations in Plaintiff's declaration were true, this Court cannot consider factual allegations not in the Complaint in resolving Defendant's motion to dismiss. *See Holland v. JPMorgan Chase Bank, N.A.*, 2019 WL 4054834, at *5 (S.D.N.Y. Aug. 28, 2019) ("The Court cannot, however, consider, in resolving defendants' motion [new factual allegations and extrinsic documents]."); *see also Matson v. Bd. Of Educ. Of the City Sch. Dist. of N.Y.*, 631 F.3d 57, 69 (2d Cir. 2011) (explaining that court "properly rejected consideration" of plaintiff's affidavits that contained new factual allegations not in the complaint).

Plaintiff's new allegations that some of her subordinates lived in New York, even if the Court could consider them, are completely irrelevant, as they fail to show that there was any alleged conduct that had an "impact" in New York. *See Benham v. eCommission Solutions, LLC*, 118 A.D.3d 605, 606 (1st Dept. 2014). Plaintiff alleges only that her work with these individuals was "conducted over the telephone, video calls and email." (Dkt. No. 23-1, at ¶ 10). She does not allege that her subordinates were responsible for the alleged discrimination against her. In sum,

---

[2] The first time Plaintiff identifies her alleged team members who worked in New York by name is in her declaration submitted in opposition to Defendant's Motion to Dismiss and Motion to Transfer Venue. Plaintiff states that her first team included six (6) out of thirteen (13) team members who lived in New York and her second team included three (3) out of eight (8) team members who lived in New York. (Dkt. No. 23-1, Lalli Decl. at ¶¶ 11–12, 14). She concedes that some of these team members worked in Atlanta and other cities and states, including Chicago and Utah. (*Id.*)

Plaintiff's vague and new allegations do not support any inference that Plaintiff was discriminated against within the State of New York or New York City. (*See* Opp. at 5-6). While it is true that non-New York residents may invoke the statutory protections of NYSHRL and NYCHRL, these individuals must demonstrate that they suffered an "impact" within the jurisdiction. *See Hoffman*, 15 N.Y.3d 285, 289-91 (2010) (holding there was no "impact" in New York where the plaintiff resided in Georgia, but attended quarterly meetings in New York City, was managed from NYC, had contracts negotiated through NYC, and the decision to terminate him was made in NYC) *accord Fried v. LVI Servs.*, 500 Fed. Appx. 39, 42 (2d Cir. 2012); *see also Meilus*, No. 21-CV-02554 (CM), 2021 WL 4868557, at *10 (S.D.N.Y. Oct. 15, 2021) (dismissing plaintiffs' NYSHRL claims and holding there was no "impact" in New York where non-resident plaintiffs regularly traveled to New York for staff meetings and planned events). Contrary to Plaintiff's assertion, an "impact" means more than a showing that any alleged discriminatory decisions were made or occurred in New York. *Id*. at 290-91. An "impact" also requires more than a "tangential" relationship with New York. *See Benham*, 118 A.D.3d 605, 606 (1st Dept. 2014).

Based on her own Complaint, Plaintiff has not alleged any impact in New York, and she had, at most, a tangential relationship with New York. As Plaintiff acknowledges, during the entire period relevant to her timely claims of discrimination, she lived and worked in Atlanta, Georgia, and never traveled to New York to work from Defendant's offices in New York City. (*See* Complaint pp. 2-3; EEOC Aff. ¶¶ 2 and 70). In contrast, Plaintiff's Complaint makes it clear that all of the alleged discriminatory conduct occurred in and had an impact in Georgia, where she lived and worked for Defendant.

The cases Plaintiff curiously cites in her Opposition actually support Defendant's argument. For example, Plaintiff cites to *E.E.O.C. v. Bloomberg L.P.*, 967 F. Supp 2d 816

(S.D.N.Y. 2013), yet the Court there held that New York law did not apply to Plaintiff Intervenor Loures who lived and worked in New Jersey. *Id*. at 865. The fact that the plaintiff "often worked with defendant's employees in New York City, which required her to work out of Defendant's" New York office did not move the needle. *Id*. The court held "[b]ecause Loures has not offered any evidence tending to show more than a tangential relationship between New York and the actions of which she complains, the Court holds that Loures has failed to show that she is entitled to pursue the claims she brings in this action under the NYSHRL and the NYCHRL, and thus, those claims are dismissed". *Id*. at 866. In *Hardwick v. Auriemma*, 116 A.D. 3d 465, 983 N.Y.S.2d 509 (1st Dep't 2014), the Appellate Division upheld the dismissal of plaintiff's claims even though she lived and worked in New York City because the alleged discriminatory conduct occurred in England. *Anderson v. HotelsAB, LLC*, 2015 WL 5008771 (S.D.N.Y. 2015) is also instructive as a counterpoint to Plaintiff's assertion that she was impacted in New York: in that case, plaintiff was undisputedly protected by New York State and New York City law because she applied for a job in New York state that required her to work in New York City seven months of the year. Likewise, in *Int'l Healthcare Exch, Inc. v. Glob. Healthcare Exch., LLC,* 40 F. Supp. 2d 345 (S.D.N.Y. 2007), Plaintiff worked remotely from her home in New York City. *Id*. at 352-353. And, similarly, in *Jarusauskaite v. Almod Diamonds*, *Ltd*., 198 A.D.3d 458, 152 N.Y.S.3d 579 (1st Dep't 2021) the court found that the Supreme Court lacked jurisdiction over plaintiff's Human Rights claims because "Defendants' alleged conduct occurred while plaintiff was "physically situated outside of New York." *Id*. at 580. Plaintiff does not cite a single case to support her argument that she is protected by New York State or New York City law when she neither lived nor worked in New York and she was not physically in New York when any alleged discriminatory acts occurred.

Indeed, New York courts have consistently held that the NYSHRL and NYCHRL do not protect non-New York resident employees with as tenuous an employment connection to New York as Plaintiff. *See, e.g., Pakniat v. Moor*, 145 N.Y.S.3d 30, 30-31 (2021) (dismissing plaintiff's NYSHRL and NYCHRL claims because plaintiff was a remote employee living and working outside of New York when the alleged conduct occurred and stating that "[t]he fact that the alleged discriminatory acts and unlawful decision to terminate plaintiff's employment occurred in New York is insufficient to plead impact in New York"); *Wolf v. Imus*, 170 A.D.3d 563, 96 N.Y.S. 3d 54, 55 (2019) ("The Supreme Court properly dismissed plaintiff's age discrimination claims brought under the City and State Human Rights Laws, because the impact on plaintiff from the termination of his employment occurred in Florida, where he lived and worked."); *see also Vangas v. Montefiore Medical Center*, 823 F.3d 174, 182-83 (2d Cir. 2016) (finding the district court properly dismissed NYCHRL claims because there was no impact in New York City where the out-of-state plaintiff's connection to the city was "tangential" and consisted of speaking telephonically with New York City-based patients, who may have been impacted by the plaintiff's termination only after she ceased to work with them).

New York courts have even dismissed NYSHRL and NYCHRL claims brought by plaintiff employees who, *unlike Ms. Lalli*, frequently travelled to New York for their employment or who occasionally worked out of their employers' New York offices. *See, e.g., Meilus v. Restaurant Opportunities Center United, Inc.*, 2021 WL 4868557, at *10-11 (S.D.N.Y. Oct. 15, 2021) (dismissing all of Plaintiffs' NYSHRL claims because regular communication with other employees in New York and even frequent travel to the state were insufficient to establish an impact in New York); *EEOC v. Bloomberg L.P.*, 967 F. Supp. 2d at 865 (dismissing Plaintiff's NYSHRL and NYCHRL claims because frequent communications with Defendant's New York

6.

office, working with other employees who were located in New York, and occasionally working out of the New York office did not satisfy the impact requirement).

The only New York connection to this dispute is Plaintiff's decision to file her lawsuit here, presumably in an effort to avail herself of the protections of the New York statutes. Plaintiff, however, has not cited any case that supports her argument that she is covered by the NYSHRL or NYCHRL. Her claims under the New York statutes must be dismissed.

### III. PLAINTIFF'S REMAINING CLAIMS SHOULD BE TRANSFERRED TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA

#### A. Plaintiff's Choice of Forum is Not Entitled to Deference Because the Operative Facts Occurred in Georgia.

While Plaintiff's Opposition recites the general legal principle that her choice of forum is entitled to considerable weight, Plaintiff's choice of forum should be shown no deference where the operative facts have little or no connection with the chosen forum. As detailed above in Section II and discussed further below, the alleged operative facts in this case occurred in Atlanta, Georgia. Accordingly, this case should be transferred to the United States District Court for the Northern District of Georgia.

#### B. Plaintiff's Opposition Does Nothing to Refute that the Alleged Conduct Occurred in the Northern District of Georgia.

In employment discrimination cases, the factors used to determine the locus of operative facts include where plaintiff was employed, where she complained of discrimination, and where she suffered alleged discriminatory employment actions. *Dickerson v. Novartis Corp.*, 315 F.R.D. 18, 30 (S.D.N.Y. 2016); *Garcia*, 2016 WL 5921083, at *7 (noting that the locus of operative facts is where the discriminatory conduct occurred).[3] Again, Plaintiff does not dispute that she lived in

---

[3] Defendant notes the cases cited by Plaintiff in her Opposition, *Andrews v. A.C. Roman & Assocs., Inc.*, 914 F. Supp 2d 230 (N.D.N.Y. 2012) and *Jackson v. Pilgrim Psychiatric Ctr.*, 2023 WL

Georgia and worked for Defendant in Georgia. Plaintiff's vague assertions – which she makes for the first time in her Opposition – that some of the individuals who allegedly discriminated against her may have been located in New York, *see* Opp. at p. 14, fail to establish that any alleged discriminatory conduct occurred in New York and impacted Plaintiff in New York. Likewise, Plaintiff's statement that "a substantial portion of the underlying events either took place in New York or directly connected to New York," Opp. at 5, is entirely unsupported by any factual allegation in her Complaint.

In a desperate attempt to establish any connection to the State of New York, Plaintiff asserts, *for the first time* in her Opposition that some of her direct supervisors lived or worked in New York.[4] Plaintiff's assertion that Joe Song was "one of her direct supervisors" and "works out of Defendant's NYC office" simply is not true and contradicts the allegations in her Complaint.

---

3687778 (S.D.N.Y. May 26, 2023), are not applicable because she did not have any managers in New York. Moreover, both of these cases are distinguishable from this case. For example, the Court in *Andrews* granted the defendant's motion to transfer to the Eastern District of New York because, among other things, the named plaintiffs were hired and trained at the defendant's main office in the Eastern District, and a portion of the named plaintiffs' work was performed outside of the Northern District. 914 F. Supp. 2d at 237-38. Additionally, because *Andrews* was brought as a purported class action, the Court also noted that "a plaintiff's choice of forum is given less weight in the transfer analysis where a plaintiff seeks to bring an action on behalf of himself and a putative class." *Id.* at 238. With respect to *Jackson*, this Court transferred the case *sua sponte* to the Eastern District of New York because the plaintiff did not allege any facts to show venue was proper in the Southern District of New York. 2023 WL 3687778 at *2. In particular, this Court noted that transfer was appropriate because the plaintiff lived and worked in Suffolk County (which is in the Eastern District of New York) and because the case only concerned allegations of discrimination that occurred at plaintiff's work in the Eastern District. *Id.*

[4] As stated in Section II, Plaintiff's attempt to include additional facts about Joe Song through her declaration is inappropriate and this Court cannot consider factual allegations outside of the Complaint. *Holland*, 2019 WL 4054834, at *5 (S.D.N.Y. Aug. 28, 2019) ("The Court cannot, however, consider, in resolving defendants' motion [new factual allegations and extrinsic documents]."); *see also Matson*, 631 F.3d 57, 69 (2d Cir. 2011) (explaining that court "properly rejected consideration" of plaintiff's affidavits that contained new factual allegations not in the complaint).

(Opp. at p. 7; Complaint at p. 4, ¶ 2 and p. 10, ¶ 16). Mr. Song was not Plaintiff's supervisor and, while he was previously employed in New York, he lived and worked in Culver City, California from September 2021 forward (i.e., at all times relevant to Plaintiff's claims). (Beidelman Decl. ¶ 15; Defendant's MOL at p. 15). Moreover, as noted above, even if Plaintiff's new allegation were true, this Court cannot consider factual allegations not in the Complaint. *Holland*, 2019 WL 4054834, at *5 (S.D.N.Y. Aug. 28, 2019) ("The Court cannot, however, consider, in resolving defendants' motion [new factual allegations and extrinsic documents]."); *see also Matson*, 631 F.3d 57, 69 (2d Cir. 2011) (explaining that court "properly rejected consideration" of plaintiff's affidavits that contained new factual allegations not in the complaint). Further, even if this new allegation could be considered by the Court (which it cannot), this conclusory statement does not show that the alleged conduct occurred in New York. As this Court and others have explained, "it is the site of impact, not the place of origin, that determines where discriminatory acts occur." *International Health Exchange, Inc. v. Global Healthcare Exchange, LLC*, 470 F. Supp. 2d 345, 362 (S.D.N.Y. 2007). Here, as discussed above, the site of impact was Atlanta, Georgia. Accordingly, the alleged discriminatory acts occurred in the Northern District of Georgia.

        **C.**      **The Convenience of the Witnesses Weighs Heavily in Favor of Transfer.**

Plaintiff argues that "the convenience of the witnesses" factor supports jurisdiction in New York. She again fails to support her argument with allegations from her Complaint. Plaintiff makes the conclusory argument that "the majority of potential witnesses in this action – including non-party witnesses – worked in [Defendant's] NYC offices and therefore reside in or near the NY Southern District" without even citing to her Complaint. (Opp., at pp. 8-9). Plaintiff further argues that transfer to the Northern District of Georgia would inhibit her ability to subpoena unidentified witnesses who may not reside within 100 miles of that court. (Opp., at p. 9). Contrary to Plaintiff's Complaint and her new assertions, none of her managers are located in New York. Ralph

Beidelman, who was Plaintiff's supervisor for the last sixteen (16) months of her employment, lives in North Carolina, which is closer to Atlanta than New York. (Compl. ¶36; EEOC Aff. ¶69; Defendant's MOL at p. 29). The allegations in Plaintiff's Complaint, make clear that Joe Song was not Plaintiff's direct supervisor. He lived and worked in Culver City, California at all times relevant to Plaintiff's claims. (Defendant's MOL at p. 15). Additionally, many of the other employees who worked with Plaintiff were not located in New York. Nicole Vaughn, the Vice President of Human Resources who supported Plaintiff during her employment, worked for Defendant in its Atlanta offices. *Id.* at p. 15. Plaintiff's co-workers and team members on the Global Total Rewards team in the U.S. lived and worked in Los Angeles, California; Atlanta, Georgia; Chicago, Illinois; or other states around the country – not New York. *Id.* Members of the compensation team including Jean Ermer, Jacque Wright, and Renu Jeyakumar worked for Defendant in Burbank, California. Scott Hayes worked for Defendant in Knoxville, Tennessee. Several other members of the team, including Becky Eshalomi and Julie Pateman, lived and worked in London. *Id.*

To the extent there are any other potential witnesses, Plaintiff failed to identify these individuals, where they are located, and what they allegedly know about the facts underlying Plaintiff's claims. Without identifying who the alleged witnesses may be and what (if any) relevant information they may possess, Plaintiff's vague statements in her Opposition about purported witnesses who may reside in New York do not support denial of Defendant's motion to transfer the case to the Northern District of Georgia because these statements are not supported by allegations in her complaint and Defendant has provided sufficient information to refute Plaintiff's statements. *See Kropschot Financial Services, Inc. v. Balboa Capital Corp.*, 2012 WL 1870697, at *1 (S.D.N.Y. May 21, 2012) ("[W]here a defendant rebuts [a plaintiff's] unsupported allegations

with direct highly specific, testimonial evidence regarding a fact specific to jurisdiction – and plaintiff does not counter that evidence – the allegation may be deemed refuted.").

Given that the most important witnesses reside in the Northern District of Georgia (i.e., Plaintiff) or closer to Georgia than New York (i.e., Ralph Beidelman), and there are no important witnesses that Plaintiff has identified who lived in New York, the convenience of the witnesses' factor weighs heavily in favor of transfer. *See Guardian Life Insurance Company of America v. Coe*, 2024 WL 1161361, at *5 (S.D.N.Y. March 19, 2024) (granting motion to transfer where the critical witnesses did not reside in New York and lived in various other locations).

### D. The Northern District of Georgia's Familiarity with the Laws Alleged to Support Plaintiff's Claims Is a Factor in Favor of Transfer.

Plaintiff fails to address and apparently concedes that transfer is appropriate because the district court in the Northern District of Georgia will be more familiar with applicable state law, as Defendant argues. Indeed, Plaintiff does not deny that Georgia's state common law will apply to her claims for breach of the implied covenant of good faith and fair dealing and intentional infliction of emotional distress. Accordingly, because Georgia law will apply and the Northern District of Georgia court is more familiar with the applicable Georgia state law, this factor weighs in favor of transferring this matter. *See Phillips v. Reed Group, Ltd.*, 955 F. Supp. 2d 201, 236 (S.D.N.Y. 2013) (explaining that where state law may govern in an action, transfer to a federal court within that state is favored); *Royal Ins. Co. of America v. United States*, 998 F. Supp. 351, 355 (S.D.N.Y. 1998) ("Federal courts have generally favored adjudication of a controversy by the court which sits in the state whose law will provide the rules of decision.") (quoting *In re Eastern District Repetitive Stress Injury Litigation*, 850 F. Supp. 188, 196 (E.D.N.Y. 1994)).

### E. The Location of Documents and Convenience and Relative Means of the Parties are Either Neutral or Favor Transfer.

The remaining factors are all neutral or favor transferring this matter to the Northern District of Georgia. With respect to the location of relevant documents, this factor is neutral because any relevant documents are likely equally available in either venue. *Tlapanco v. Elges*, 207 F. Supp. 3d 324, 330-31 (S.D.N.Y. 2016) ("The location of relevant documents and the ease of access to sources of proof is mostly a neutral factor, in light of 'the technological age in which we live, where there is widespread use of, among other things, electronic document production.'") quoting *Rindfleisch v. Gentiva Health Sys. Inc.*, 752 F. Supp. 2d 246, 258 (E.D.N.Y. 2010). Moreover, as both parties admit, this factor is less relevant than other factors. (*See* Defendant's MOL at p. 29; Opp. at 9).

Regarding the convenience and relative means of the parties, Plaintiff asserts that Defendant's large office in Georgia is an "obvious red herring." (Opp., at 9). Defendant, however, never argues that jurisdiction in Georgia is appropriate simply because it maintains a large office in Georgia. Instead, what Defendant argues and what is actually important is the location of the witnesses. Here, the most important witnesses are located in Georgia (e.g., Plaintiff) or closer to Georgia than New York (e.g., Ralph Beidelman). Plaintiff then asserts that "the overwhelming majority of [her] colleagues, team members, supervisors, leadership, and employment decision-makers . . . were based in Defendant's NYC offices." (*Id.* at 9-10). These arguments from Plaintiff, which contradict the allegations in her Complaint and fail to explain how these individuals would offer relevant testimony, also fail to address the fact that transferring this case to the Northern District of Georgia would be far more convenient and economical for her. Plaintiff does not deny that litigating this matter in the Northern District of Georgia, where she resides, would be less financially burdensome to her than litigating in the Southern District of New York.

Only Plaintiff's counsel, who is located in Connecticut, may find it more convenient to litigate this matter in New York, but "[t]he convenience of counsel is not an appropriate factor to consider on a motion to transfer." *Fuji Photo Film Co., Ltd. v. Lexar Media, Inc.*, 415 F. Supp. 2d 370, 374 (S.D.N.Y. 2006) (quoting *Invivo Research, Inc. v. Magnetic Resonance Equip. Corp.*, 119 F.Supp.2d 433, 438 (S.D.N.Y. 2000)); *Dickerson*, 315 F.R.D. at 29 (disregarding the location of plaintiff's counsel and noting that "the convenience of counsel is not of particular importance"). Moreover, the number of individuals employed by Defendant in New York is irrelevant to Plaintiff's claims because her employment was not impacted in New York and her Complaint fails to sufficiently plead any justification for maintaining her claims in this Court. Thus, the convenience and relative means factors weigh in favor of transfer to the Northern District of Georgia.

### IV. PLAINTIFF'S COMPLAINT MUST BE DISMISSED BECAUSE IT FAILS TO COMPLY WITH FED. R. CIV. P. 8

In her Opposition, Plaintiff mischaracterizes Defendant's Rule 8 arguments as merely objecting to the length of her Complaint and asserts – in conclusory fashion – that her Complaint complies with Rule 8 of the Federal Rules of Civil Procedure because it provides the factual basis for her claims. Plaintiff, however, does not address Defendant's argument that her Complaint fails to comply with the requirements of Rule 8 of the Federal Rules of Civil Procedure because it lacks "fair notice" of the claims against it and the ground upon which those claims rest. *See* Fed. R. Civ. P. 8(a), (d) (a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief" and "each allegation must be simple, concise, and direct."); *Cohn v. Keyspan Corp.*, 713 F. Supp. 2d 143, 153 (E.D.N.Y. 2010) (explaining that a complaint must give a defendant "fair notice" of the claims against him or her and the grounds upon which the

claims rest). "Fair notice" is not given when, as here, a complaint is vague, scattershot, and unnecessarily prolix. *See id.*

While Defendant notes that Plaintiff's Complaint is comprised of 199 paragraphs, many of which span multiple pages and contain multiple sub-parts, Defendant does not seek dismissal of the Complaint on the basis of its excessive length. Instead, Defendant moved to dismiss Plaintiff's Complaint because it contains conclusory allegations and statements for which Plaintiff cannot state a claim and, therefore, fails to meet the pleading requirements of Rule 8. Plaintiff's Complaint largely lacks any chronological continuity, contains conclusory and irrelevant allegations, and is so repetitive that it is all but impossible to comprehend. This lack of organization and Plaintiff's use of conclusory legal jargon, deprives Defendant and the Court from discerning which factual allegations Plaintiff intends to relate to each of her claims. Accordingly, Plaintiff's Complaint deprives Defendant WBD of "fair notice" of the claims asserted against it.

As it would be unfairly burdensome for Defendant to respond to Plaintiff's prolix and non-conforming pleading, Plaintiff's Complaint should be dismissed, and Plaintiff should be required to file a Complaint that contains a short and plain statement of her claims. *See Bahr v. City University of New York/York College*, No. 15-CV-4380 (MKB), 2016 U.S. Dist. LEXIS 171492, *17-19 (E.D.N.Y. Dec. 9, 2016) (dismissing a form employment discrimination complaint that included an 8-page narrative factual statement and attached a 16-page narrative administrative charge, because it was too difficult to determine the precise claims being asserted and it "would be impossible for Defendants to respond in any meaningful way"); *Reddy v. Catone*, No. 5:13-CV-707 (MAD)(ATB), 2014 U.S. Dist. LEXIS 79622, *7-8 (N.D.N.Y. June 11, 2014) (dismissing 400+ page complaint as prolix where it was needlessly long and contained gratuitous allegations,

speculative assertions and legal argument, which "would be enormously wasteful of resources" to sort through), *aff'd* 630 Fed Appx. 120 (2d Cir. 2015) (summary order).[5]

## V. CONCLUSION

For the foregoing reasons, this Court should grant Defendant's motion to dismiss Plaintiff's Complaint pursuant to Rule 8 and Defendant's motion to dismiss Counts 3-4, 6-7, 9-10 and 12-13 pursuant to Rule 12(b)(6). The Court should also grant Defendant's motion to transfer Plaintiff's remaining claims in Counts 1-2, 5, 8, 11, and 14-16 to the United States District Court for the Northern District of Georgia.

Dated: July 15, 2024
New York, New York

LITTLER MENDELSON, P.C.

By: */s/ William J. Anthony*
William J. Anthony, Bar No. 5064092
wanthony@littler.com
900 Third Avenue
New York, NY 10022.3298
Telephone: 212.583.9600
Facsimile: 212.832.2719

Leslie A. Dent (*Pro Hac Vice*)
ldent@littler.com
LITTLER MENDELSON, P.C.
3424 Peachtree Road N.E.
Suite 1200
Atlanta, GA 30326.1127
Telephone: 404.233.0330
Facsimile: 404.233.2361

Attorneys for Defendant

---

[5] Plaintiff fails to cite any contrary authority in her Opposition. Instead, the cases cited by Plaintiff in her Opposition, *Salahuddin v. Cuomo*, 861 F.2d 40 (2d Cir. 1988) and *Wynder v. McMahon*, 360 F.3d 73 (2d Cir. 2004), focus on the length of the complaint at issue.