**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____

| | | |
|---|---|---|
| ELLE LALLI, | : | Civ. No. 1:24-cv-03178-LJL |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| WARNER BROS. DISCOVERY, INC., | : | September 5, 2024 |
| | : | |
| Defendant. | : | |

_____:

**MEMORANDUM OF LAW IN SUPPORT OF**
**PLAINTIFF'S MOTION TO AMEND THE COMPLAINT**

Plaintiff Elle Lalli, respectfully submits this memorandum of law in support of her motion for an order granting leave to file her proposed First Amended Complaint (the "Amended Complaint") against Defendant, Warner Bros. Discovery, Inc.'s ("Warner Bros. Discovery") and Warner Media, LLC U.S. Severance Plan ("Warner Media"), pursuant to Federal Rules of Civil Procedure 15(a).

**I.      Preliminary Statement**

In this motion, Plaintiff seeks to amend her Complaint to add a Defendant and one Count, proposed Count 17, asserting her ERISA 502(a)(b) and (a)(3) claims.  Plaintiff seeks such amendment because her ERISA claim for benefits has now been properly exhausted following receipt of a final determination from the plan administrator on or around June 27, 2024.  Current Defendant, Warner Bros. Discovery, is the Plan Sponsor of the Warner Media severance plan, pursuant to ERISA.  Warner Media is the Plan Administrator.  By this motion, Plaintiff also seeks to add Plan Administrator Warner Media as a Defendant in this action.

1

Plaintiff's original Complaint, against only Warner Bros. Discovery, was filed on April 25, 2024. The Complaint contains sixteen (16) claims, including claims for racial discrimination (Counts 1-4), age discrimination (Counts 5-7), sex/gender discrimination (Counts 8-10), disability discrimination (Counts 11-13), violation of the equal pay act (Count 14), breach of the implied covenant of good faith and fair dealing (Count 15), and intentional infliction of emotional distress (Count 16).

Plaintiff now seeks to assert an unlawful denial of ERISA severance benefits pursuant to Section 502(a)(1)(b) and (a)(3) against plan administrator Warner Media. Following her termination, Plaintiff properly exhausted her ERISA claim for benefits. The operative plan is the Warner Media, LLC U.S. Severance Plan (the "Plan"), established and effective as of August 1, 2022, by Warner Media. On February 29, 2024, Plaintiff submitted her claim for severance benefits for 36 weeks of severance. On March 12, 2024, the Plan Sponsor and Plan Administrator sent a letter, signed by Shane Johnson identifying himself as a member of the Administrative Committee, to Plaintiff denying her claim for severance benefits pursuant to ERISA Sections 502(a)(1)(b) and (a)(3). On May 3, 2024, Plaintiff requested a timely appeal of the Administrative Committee's denial of Plaintiff's claim. Plaintiff's appeal was denied via letter dated June 27, 2024. **Exhibit A**, attached hereto. This is a "final determination" for administrative exhaustion purposes.

## II.    Law and Argument

Pursuant to Federal Rule of Civil Procedure 15(a)(2), leave to amend "should be freely give[n] when justice so requires." As the Supreme Court has stated, "this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). In interpreting FRCP 15(a), the Second Circuit has explained that "district courts should not deny leave unless there is a substantial

reason to do so, such as excessive delay, prejudice to the opposing party, or futility." *Friedl v. City of New York*, 210 F.3d 79, 87 (2d Cir. 2000); *see also Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993) ("The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith.").

Here, there can be no possible claim of excessive delay or prejudice. Plaintiff is seeking leave to amend promptly following receipt of a Final Determination from her ERISA Plan Administrator. Such claims were not ripe prior to receipt of the Final Determination, which constitutes exhaustion of the administrative process. The administrative scheme of ERISA requires a participant to exhaust his or her administrative remedies prior to commencing suit in federal court. "Every employee benefit plan shall ... afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim." 29 U.S.C. § 1133(2); *see also Drinkwater v. Metropolitan Life Ins. Co.*, 846 F.2d 821, 825–26 (1st Cir.), cert. denied, 488 U.S. 909, 109 S.Ct. 261, 102 L.Ed.2d 249 (1988); *Mason v. Continental Group, Inc.*, 763 F.2d 1219, 1227 (11th Cir. 1985), cert. denied, 474 U.S. 1087, 106 S.Ct. 863, 88 L.Ed.2d 902 (1986).

"ERISA and its regulations require plans to provide certain presuit procedures for reviewing claims after participants submit proof of loss (internal review)." *Heimeshoff v. Hartford Life & Acc. Ins. Co.*, 571 U.S. 99, 105, 134 S. Ct. 604, 610, 187 L. Ed. 2d 529 (2013) (citing 29 U.S.C. § 1133 and 29 C.F.R. § 2560.503–1 (2012)). "ERISA § 502(a)(1)(B) authorizes a plan participant to bring suit to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).

3

Under ERISA, a plaintiff may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." ERISA § 502(a)(1)(B), codified at 29 U.S.C. § 1132(a)(1)(B). This civil enforcement scheme "completely preempts any state-law cause of action that 'duplicates, supplements, or supplants' an ERISA remedy." *Montefiore Med. Ctr. v. Teamsters Loc. 272*, 642 F.3d 321, 327 (2d Cir. 2011) (quoting *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004)). "[F]ederal courts… have recognized a 'firmly established federal policy favoring exhaustion of administrative remedies in ERISA cases.' " *Paese v. Hartford Life & Accident Ins. Co.*, 449 F.3d 435, 443 (2d Cir. 2006) (quoting *Kennedy v. Empire Blue Cross & Blue Shield*, 989 F.2d 588, 594 (2d Cir. 1993)).

Here, there is no delay or prejudice. Plaintiff was required to exhaust her ERISA claim through the ERISA administrative process, and she has now done so. Accordingly, Plaintiff now seeks to amend her Complaint to add Count 17, alleging improper denial of benefits.

## III.    Conclusion

Defendants will not be prejudiced should this Court grant Plaintiff's Motion to Amend, whereas Plaintiff will be severely prejudiced if she is disallowed from adding a key party and key claim to her current allegations. Pursuant to the standard of Rule 15(a), Plaintiff respectfully requests that her Motion to Amend the Complaint be granted.

Respectfully Submitted,

PLAINTIFF
ELLE LALLI

By: */s/ Elizabeth W. Swedock*
Elizabeth W. Swedock
Mark P. Carey
Genevieve Lage
Carey & Associates, P.C.
71 Old Post Road, Suite One
Southport, CT 06890
(203) 255-4150 tel
(203) 255-0380 fax
eswedock@capclaw.com
mcarey@capclaw.com
glage@capclaw.com


## CERTIFICATE OF SERVICE

I hereby certify that on September 5, 2024, a copy of the foregoing was filed

electronically and served by mail on anyone unable to accept electronic filing. Notice of this

filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or

by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic

Filing.  Parties may access this filing through the Court's CM/ECF System.

 */s/ Elizabeth Swedock*
Elizabeth Swedock

# EXHIBIT A



June 27, 2024

**Via Overnight Delivery**

Mark P. Carey
Carey & Associates, P.C.
71 Old Post Road, Suite One
Southport, Connecticut 06890

Re:  Elle Lalli ERISA Claim for Benefits under the Warner Media, LLC U.S. Severance Plan

Dear Mr. Carey:

On behalf of the Administrative Committee, I write in response to your letter dated May 3, 2024, appealing the denial of Elle Lalli's claim for severance benefits under the Warner Media, LLC U.S. Severance Plan (the "Plan"), established and effective August 1, 2022 by Warner Media, LLC (the "Company").

### I.        Background and Claim

Ms. Lalli claims she is entitled to receive a severance benefit of 36 weeks of her salary.  Her initial claim was denied for the reasons set forth in the Committee's letter dated March 12, 2024.

In your May 3, 2024 appeal, you assert that there are two structural conflicts of interest: (1) the Plan is self-funded by the Plan Sponsor; and (2) the Plan Administrator offered an allegedly self-serving interpretation of ambiguous plan language.

### II.        Analysis

The Plan states: "If you are eligible for severance pay under the terms of this Plan, as determined by your Participating Employer, you will receive severance pay in an amount equal to two weeks of your salary ("Base Severance") PLUS an amount computed pursuant to Section A. or B. below, as the case may be." (Plan, p. 7.)  Section B (for Job Elimination and Other Involuntary Not for Cause Termination and Executive Termination) applies to Ms. Lalli, and states, in part, as follows: "… an additional two weeks of your salary for each year of Continuous Service (as defined below) that you have completed on the date of your termination of employment …."

It is undisputed that Ms. Lalli had four years of Continuous Service.  The two weeks Base Severance plus two additional weeks for each of four years of Continuous Service equals a total of ten weeks.

**WARNER BROS.
DISCOVERY**

However, the Plan also states: "… provided that there is a minimum level of severance pay for Job Elimination, or Other Involuntary Not for Cause Terminations and Executive Termination" pursuant to a schedule specifying 26 weeks of Minimum Severance Pay for Vice President or above, which is applicable to Ms. Lalli.  (Plan, p. 7.)  Because Ms. Lalli would otherwise only be eligible for 10 weeks of salary, she is eligible for the 26-week minimum.

We find no ambiguity in the pertinent Plan language.  You argue that the "minimum level of severance pay" should be added to 10 weeks Ms. Lalli would otherwise have been eligible for absent the minimum amount, and that the pertinent language could be reasonably read as providing a "base minimum" severance amount.  However, the Plan contains no language suggesting that the minimum amount should be added to the severance payable without consideration of the minimum, or that the minimum should be considered a base amount.  In fact, the "Base Severance" is defined as two weeks of salary.  (Plan, p. 7.)  Neither you nor your client has pointed to any specific Plan language indicating that the minimum severance amount should be added to the amount otherwise payable.

Further, we find your arguments to be fundamentally inconsistent with the plain meaning of the word "minimum".  *See* Black's Law Dictionary, Abridged Fifth Ed. (1983), p. 515 ("**Minimum**.  The least quantity assignable, admissible or possible in given case and is opposed to maximum.").

You have not explained how the alleged conflicts of interest you refer to entitle Ms. Lalli to additional severance benefits.  Although the Plan is self-funded by the Plan Sponsor the initial claim decision and this appeal decision were made by the Committee, which does not fund the Plan.  Thus, there is no conflict.

Even assuming a conflict of interest were to exist, such a conflict is insufficient to alter the clear meaning of the pertinent Plan provisions.  Further, we reject the assertion that the Plan language is ambiguous or that the interpretation at issue is self-serving.  For the reasons set forth above, the Plan provides for a benefit calculation based on years of Continuous Service, or a minimum benefit if larger, but it clearly does not provide for both.

You mention in the appeal letter that Ralph Beidelman signed the letter acknowledging receipt of Ms. Lalli's initial claim, and also note that Mr. Beidelman has been accused of discrimination by Ms. Lalli.  However, you do not explain how these two facts are relevant to Ms. Lalli's severance claim.  As you know, Mr. Beidelman recused himself from the consideration of Ms. Lalli's claim and delegated his authority to decide the claim to the Committee.  We find no basis to conclude that the fact that Mr. Beidelman signed a letter acknowledging receipt of Ms. Lalli's claim constitutes an improper conflict, or otherwise compels a different decision on Ms. Lalli's appeal.

The Plan provides for a minimum benefit for certain employees who would otherwise be entitled to less. Ms. Lalli is entitled to the 26-week minimum, and her appeal is denied.



**WARNER BROS.
DISCOVERY**

**III.   ERISA Rights**

Ms. Lalli should regard this letter as a final decision on review within the meaning of Section 503 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), and regulations issued thereunder by the Department of Labor.

Ms. Lalli is entitled to receive, upon request and free of charge, reasonable access to, and copies of all documents, records and other information relevant to her claim for benefits. Requests for copies should be sent to:

> Warner Bros. Discovery, Inc.
> 230 Park Avenue South, 7th Floor
> New York, NY 10003

Should Ms. Lalli dispute the outcome of this appeal, she now has the right to pursue a federal cause of action under Section 502(a) of ERISA, subject to any applicable statute of limitations.  Please note, no lawsuit may be brought unless commenced no later than 12 months following a final decision on her claim for benefits under the Plan, or 12 months following the last date on which a final decision should have been issued pursuant to the terms of the Plan, should she not receive a final decision.  The Plan's claims and appeal procedures must be exhausted before bringing suit.

Sincerely,

*Shane L Johnson*

Shane L. Johnson, Member of Administrative Committee