UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELLE LALLI,<br><br>    Plaintiff,<br><br>  -v-<br><br>WARNER BROS. DISCOVERY, INC.,<br><br>    Defendant. | Civil Action No. 1:24-cv-03178-LJL |

---

## DEFENDANT'S RESPONSE BRIEF IN OPPOSITION OF PLAINTIFF'S MOTION TO AMEND THE COMPLAINT

---

**LITTLER MENDELSON, P.C.**
900 Third Avenue
New York, New York 10022
212.471.4404
Attorneys for Defendant

*Of Counsel and on the brief:*
William J. Anthony, Esq.

## I.     PRELIMINARY STATEMENT

Pursuant to Fed. R. Civ. P. 15(a)(2), Defendant Warner Bros. Discovery, Inc. ("WBD" or "Defendant") submits this Response in Opposition to Plaintiff's Motion to Amend the Complaint ("Plaintiff's Motion to Amend," Dkt. No. 32). Plaintiff's Motion to Amend should be denied because Plaintiff's delay in seeking to amend her complaint is prejudicial and because her amendment would be futile as her new ERISA claim is legally deficient. Plaintiff has not alleged that she met (and she did not meet) the condition precedent to the Plan's payment of severance benefits. WBD further notes that Plaintiff's Amended Complaint seeks to add a new party defendant, the Warner Media, LLC U.S. Severance Plan.[1]

Plaintiff delayed moving to amend her complaint for two months after she pursued her remedies with the Warner Media, LLC U.S. Severance Plan Administrator. During this two-month period, the Parties were engaged in extensive briefing of Defendant WBD's Motions to Dismiss and Transfer. Plaintiff's delay is prejudicial to Defendant to the extent Plaintiff argues or the Court rules that WBD's pending motions are moot and that these motions must be refiled, as refiling and briefing of the motions will significantly delay a ruling on the motions. Plaintiff's Motion to Amend should also be denied because her proposed amendment and ERISA claim would be futile. Under the terms of the Warner Media, LLC U.S. Severance Plan, Plaintiff's receipt of any severance benefits would require Plaintiff to execute a release of all other claims arising from her termination, including all claims asserted in her original complaint.

---

[1] Plaintiff actually served Defendant Warner Media, LLC U.S. Severance Plan with a copy of the Amended Complaint on September 4, 2024. As the Court has not ruled on the pending Motion to Amend, Defendant WBD assumes that Defendant Warner Media, LLC U.S. Severance Plan is under no obligation to answer the complaint within 21 days as indicated in the Summons. Counsel for Defendant WBD will seek Plaintiff's counsel agreement that no Answer or other response is due from Defendant Warner Media, LLC U.S. Severance Plan until 21 days after the Court rules on the Plaintiff's Motion to Amend and only if the Court allows the Amended Complaint to be filed.

## II.    PLAINTIFF'S MOTION TO AMEND SHOULD BE DENIED

Plaintiff's proposed Amended complaint seeks not only to add an entirely new claim based on the alleged unlawful denial of ERISA severance benefits, but also to add Warner Media, LLC U.S. Severance Plan as a Defendant to this case. Although Fed. R. Civ. P. 15(a) prescribes a liberal standard for the amendment of pleadings, whether a motion to amend should be granted is within the discretion of the district court. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). Leave should not be given in every case and under all circumstances. The Court must consider the following factors in determining whether to permit Plaintiff to amend her Complaint: (1) whether the pleading at issue has been previously amended; (2) futility of the amendment; (3) bad faith; (4) undue delay; and (5) prejudice to the opposing party. *Foman*, 371 U.S. at 182. Examination of the *Foman* factors is to be made in light of Fed. R. Civ. P. 1's directive that the rules "are to be construed to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1; *Foman*, 371 U.S. at 182.

### A.    WBD Would Be Prejudiced And These Proceedings Would Be Unduly Delayed If Plaintiff Is Allowed To Amend Her Complaint

Plaintiff's Motion to Amend comes months after the Parties engaged in significant motions practice and two months after Plaintiff allegedly exhausted her ERISA remedies through the ERISA administrative process. After Defendant WBD filed its Motions to Dismiss and Transfer, Plaintiff never raised the potential amendment of her Complaint with Defendant or with the Court at any time. Instead, Plaintiff waited to attempt to amend her Complaint until after Defendant WBD's Motions to Dismiss and Transfer were fully briefed and ripe for this Court's consideration. While Plaintiff may argue she had to exhaust her administrative remedies prior to asserting ERISA claims, there is no excuse for her failure to raise the potential new claim during briefing or her delay in filing the Amended Complaint.  As she admits in her Motion to Amend, Plaintiff

exhausted her administrative remedies "following receipt of a final determination from the plan administrator on or around June 27, 2024." (Dkt. No. 32, p. 1). Plaintiff then waited more than two months to file her Motion to Amend.  Plaintiff clearly knew of the alleged facts giving rise to her ERISA claims as she argued these facts to the Plan Administrator.   Plaintiff did not, however, inform Defendant or this Court of her intent to amend the Complaint after the Motions to Dismiss and Transfer were filed. *Hutter v. Countrywide Bank, N.A.*, 41 F. Supp. 3d 363, 371 (S.D.N.Y. 2014) ("[A] court 'may deny a motion to amend when the movant knew or should have known of the facts upon which the amendment is based when the original pleading was filed, particularly when the movant offers no excuse for the delay.'" (quoting *Berman v. Parco*, 986 F. Supp. 195, 217 (S.D.N.Y. 1997)), aff'd in relevant part, 710 F. App'x 25 (2d Cir. 2018); *Augustine v. AXA Fin., Inc.*, 2008 WL 5025017, at *6 (S.D.N.Y. Nov. 24, 2008) (denying motion to amend and add new defendants where plaintiff "had sufficient information to assert claims against the proposed individual defendants well in advance of the deadline to amend the Complaint.").

The tactic employed by Plaintiff here serves no purpose other than to unduly prejudice Defendant by interfering with and delaying the resolution of its Motions to Dismiss and Transfer. *Antrobus v. N.Y.C. Dep't of Sanitation*, 2016 WL 5394697, at *11 (E.D.N.Y. Feb. 25, 2016) ("Prejudice is generally found where the motion to amend comes ... after many months or years of pre-trial activity" and "adds new parties.") (internal quotation marks and citation omitted); *Aguilar v. Connecticut*, 2013 WL 657648, at *8 (D. Conn. Feb. 22, 2013) (denying motion to amend where permitting an amendment would unduly delay the resolution of the litigation), aff'd, 557 F. App'x 71 (2d Cir. 2014).

After Plaintiff's Amended Complaint was filed without a Rule 15 motion, this Court asked Defendant whether it opposed the attempted amendment and if not, to explain why the amendment

would not moot Defendant's pending motions.  Defendant denies that the proposed Amended Complaint would moot the pending motions; indeed, the merits of the Motions to Dismiss and Transfer Plaintiff's original claims are not impacted in any material way by Plaintiff's proposed ERISA claim.  Defendant should not be required to incur the expense of re-filing and briefing the pending Motions to Dismiss and Transfer.  If this Court allows Plaintiff to amend her Complaint, Defendant respectfully requests that this Court limit the Parties to filing short supplemental briefs addressing the impact, if any, of the proposed ERISA claim on Defendant's Motion to Dismiss and Transfer.

**B.       Plaintiff's Attempt To Amend Her Complaint Is Futile**

"Amendment is futile if the proposed amended complaint could not survive a motion to dismiss." *24 Seven, LLC v. Martinez*, No. 19-CV-7320 (VSB), 2021 U.S. Dist. LEXIS 15480, at *33 (S.D.N.Y. Jan. 26, 2021). Where amendment is unlikely to be productive, courts will deny leave to amend. *In re WorldCom, Inc. Sec. Litig.*, 303 F. Supp. 2d 385, 390 (S.D.N.Y. 2004) ("An amendment may be futile if, for example, it would not survive a motion to dismiss brought pursuant to Rule 12(b)(6). . . ."). Here, Plaintiff's proposed Amended Complaint will not survive a motion to dismiss by either defendant because it fails to comply with Fed. R. Civ. P. 8.  Like her initial Complaint, Plaintiff's Amended Complaint contains little more than conclusory allegations and statements for which Plaintiff cannot state a claim. Moreover, Plaintiff's proposed Amended Complaint is comprised of 233 paragraphs, many of which span multiple pages and contain multiple sub-parts, largely lack any chronological continuity, contains numerous irrelevant allegations, and is so repetitive that it is all but impossible to comprehend. A pleading of this nature should be dismissed. *See Bahr v. City University of New York/York College*, No. 15-CV-4380 (MKB), 2016 U.S. Dist. LEXIS 171492, *17-19 (E.D.N.Y. Dec. 9, 2016) (dismissing form employment discrimination complaint that included 8-page narrative factual statement and

attached a 16-page narrative administrative charge, because it was too difficult to determine the precise claims being asserted and it "would be impossible for Defendants to respond in any meaningful way"); *Reddy v. Catone*, No. 5:13-CV-707 (MAD)(ATB), 2014 U.S. Dist. LEXIS 79622, *7-8 (N.D.N.Y. June 11, 2014) (dismissing 400+ page complaint as prolix where it was needlessly long and contained gratuitous allegations, speculative assertions and legal argument, which "would be enormously wasteful of resources" to sort through), *aff'd* 630 Fed Appx. 120 (2d Cir. 2015) (summary order). On this basis alone, this Court should deny Plaintiff's Motion to Amend.

Even beyond Plaintiff's scattershot and prolix Amended Complaint, her attempt to amend is futile because the newly added ERISA claim would not survive a Rule 12(b)(6) motion to dismiss for failure to state a claim.  As described in the applicable severance plan, receipt of severance benefits at any amount under the ERISA severance plan would require Plaintiff to execute a release of all other claims arising from her termination:

> You will not receive severance pay and other benefits under the Plan unless . . . you execute a separation agreement and general release . . . (the "General Release"), under which, among other things, you release and discharge the Company, Participating Affiliates, Related Companies, related entities and persons from all claims and liabilities (unless such release is prohibited by applicable law) for any period up to the date you execute the General Release, including but not limited to all claims and liabilities relating to your employment with your Participating Employer and/or the termination of your employment . . . .  For purposes of clarity, your Participating Employer will not pay or continue to pay severance pay or any other benefits under this Plan unless you satisfy the Release Requirement.

(Exhibit A, ERISA Severance Plan).[2]

---

[2] A district court may consider "not only the assertions made within the four corners of the complaint itself, but also those contained in documents attached to the pleadings or in documents incorporated by reference." *Gregory v. Daly*, 243 F.3d 687, 691 (2d Cir. 2001); *see also Kramer v. Vendome Grp. LLC*, No. 11 Civ. 5245(RJS), 2012 WL 4841310, at *1 (S.D.N.Y. Oct. 4, 2012).

Plaintiff does not allege that she executed a separation agreement and general release, and indeed Plaintiff refused to sign the separation agreement and general release she was offered at the time her employment was terminated.   Thus, she has failed to meet the condition precedent to her receipt of severance benefits under the Plan.  A release can be a valid condition precedent to the receipt of severance benefits.  See *Loskill v. Barnett Banks, Inc. Severance Pay Plan*, 289 F.3d 734, 737 (11th Cir. 2002).[3]

Unless Plaintiff is willing to execute the General Release as described in the ERISA Severance Plan, she is not entitled to receive any severance benefits under the plan.  Plaintiff's ERISA claims for unlawful denial of benefits are subject to dismissal unless she executes the General Release.  If Plaintiff executes the General Release, however, she would have to release all the other claims alleged in her original complaint, and these claims would then be dismissed.

---

Moreover, records of an administrative agency are public records and contain facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Louis Vuitton Malletier S.A. v. LY USA*, Inc., 676 F.3d 83, 88 (2d Cir. 2012) (quoting Fed. R. Evid. 201(b)(2)); *Lia v. Saporito*, 909 F.Supp.2d 149, 161 (E.D.N.Y.2012) (citations omitted) ("[a]gency determinations and administrative findings are public records of which a court may properly take judicial notice."). It is therefore proper to rely on the documents relied on and incorporated by reference throughout Plaintiff's Complaint here.

[3] In *Loskill,* the court relied upon *Lockheed Corp. v. Spink*, 517 U.S. 882, 888, 116 S.Ct. 1783, 135 L.Ed.2d 153 (1996), where the United States Supreme Court addressed whether an employer's requirement that an employee sign a release of all claims against the employer prior to receiving benefits under a welfare plan violated § 406 of ERISA. The Loskill court noted that "although the Supreme Court did not address whether such a requirement would violate an anti-cutback provision, its discussion provides some guidance as to whether we should view the release amendment as a reduction or elimination of benefits or as a condition precedent to the receipt of those benefits. The Supreme Court stated, '[An] employer can ask [an] employee to continue to work for the employer, to cross a picket line, or to retire early. The execution of a release of claims against the employer is functionally no different; like these other conditions, it is an act that the employee performs for the employer in return for benefits.'  Id. at 894, 116 S.Ct. 1783. Thus, it seems clear that the Supreme Court views this type of requirement as a condition precedent."

### III.    CONCLUSION

For the reasons stated above, WBD requests that the Court deny Plaintiff's Motion to Amend the Complaint. If the Court grants Plaintiff's Motion to Amend, the Parties at most should be required to file supplemental briefs, addressing the impact, if any, of Plaintiff's proposed ERISA claim on the pending motions.

Dated:  September 23, 2024

New York, New York

LITTLER MENDELSON, P.C.

By: /s/ *William J. Anthony*
    William J. Anthony, Bar No. 5064092
    wanthony@littler.com
    900 Third Avenue
    New York, NY  10022.3298
    Telephone:  212.583.9600
    Facsimile:  212.832.2719

    Leslie A. Dent (*Pro Hac Vice*)
    ldent@littler.com
    LITTLER MENDELSON, P.C.
    3424 Peachtree Road N.E.
    Suite 1200
    Atlanta, GA  30326.1127
    Telephone:      404.233.0330
    Facsimile:      404.233.2361

    Attorneys for Defendant