```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
ELLE LALLI,                                                      :
                                                                 :
                        Plaintiff,                               :
                                                                 :    24-cv-3178 (LJL)
            -v-                                                  :
                                                                 :    MEMORANDUM AND
WARNER BROS. DISCOVERY, INC.,                                    :    ORDER
                                                                 :
                        Defendant.                               :
                                                                 :
-----------------------------------------------------------------X
```

LEWIS J. LIMAN, United States District Judge:

Plaintiff Elle Lalli moves, pursuant to Federal Rule of Civil Procedure 15(a)(2), to file a First Amended Complaint. Dkt. No. 31. The motion is granted.

Under Rule 15(a), "[l]eave to amend a complaint shall be freely given when justice so requires." *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 87 (2d Cir. 2002) (citing Fed. R. Civ. P. 15(a)). The court may deny such a motion only on grounds of "undue delay, bad faith, dilatory tactics, undue prejudice to the party to be served with the proposed pleading, or futility." *Quaratino v. Tiffany & Co.*, 71 F.3d 58, 66 (2d Cir. 1995). Moreover, "[m]ere delay, . . . absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." *State Teachers Retirement Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981). "[I]t is within the sound discretion of the district court to grant or deny leave to amend." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007).

The amendment seeks to add a new Count 17 to Plaintiff's 16-count complaint, alleging a violation of Sections 502(a)(1)(b) and (a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA") and to name as an additional defendant Warner Media, LLC U.S. Severance

Plan ("Warner Media"), the Plan Administrator of the Warner Media severance plan. Dkt. No. 32.

Defendant has identified no undue delay or dilatory tactics. The claim was not available to Plaintiff until June 27, 2024, when her appeal of the alleged denial of her severance benefits was denied. *Id.* at 7; *see Heimeshoff v. Hartford Life & Acc. Ins. Co.*, 571 U.S. 99, 134 (2013) ("The courts of appeals have uniformly required that participants exhaust internal review before bringing a claim for judicial review under § 502(a)(1)(B)."). She filed this motion less than three months later and well within the time period permitted by ERISA. Defendant also has identified no undue prejudice. "[T]he prospect of spending more time, effort, or money on litigation . . . does not render an amended complaint unduly prejudicial." *Francisco v. Abengoa, S.A.*, 559 F. Supp. 3d 286, 312, 314 (S.D.N.Y. 2021); *see Ragan v. AppHarvest Inc.*, 2022 WL 22863367, at *1 (S.D.N.Y. July 22, 2022). Defendant argues that, if the motion is granted and the First Amended Complaint is filed, it will have to rebrief its currently pending motion to dismiss the first sixteen counts of the complaint. Dkt. No. 35 at 2–3. But the amendment does not change any of the allegations supporting the first sixteen counts. Defendant may elect to rely on the arguments made in its memorandum in support of the motion to dismiss the complaint and ask that they be incorporated by reference, or it may simply "copy and paste" those arguments. It has not identified any prejudice it would suffer if the motion to dismiss and to transfer venue that it made in May 2024 has to be rebriefed a few months later after the new defendant is served and appears.

Finally, Defendant argues that the amendment is futile because Plaintiff has not executed the release of all other claims that it alleges constitutes a condition precedent to the receipt of severance benefits. Dkt. No. 35 at 7. Plaintiff responds that Defendant has attached the wrong

severance plan to its opposition brief, Dkt. No. 39 at 6 n.3, and that her claim under Section 502(a)(3) is that Defendant represented the wrong Plan benefit to her, implying that this claim would not be subject to any release requirement, *id*. at 6. Defendant can address the viability of Plaintiff's ERISA claim in a renewed motion to dismiss, including whether satisfaction of the alleged condition precedent is an element of the claim Plaintiff was required to plead. See *Spencer-Smith v. Ehrlich*, 2024 WL 3291803, at *6–7 (S.D.N.Y. July 3, 2024). The purported defect in Plaintiff's pleading is not at this stage a basis for denying her the right to amend.

The motion to amend is granted and the First Amended Complaint shall be filed no later than October 25, 2024. Both Defendants shall respond to the First Amended Complaint 21 days after the later of the date that Defendant is served under Federal Rule of Civil Procedure 5 or Warner Media is served under Federal Rule of Civil Procedure 4. Defendants may choose, if they wish, to rely on the arguments in the memorandum of law in support of their motion to dismiss the complaint with respect to the first 16 counts of the First Amended Complaint. Defendant's pending motion to dismiss, Dkt. No. 9, is denied as moot due to the filing of the amended complaint.

The Clerk of Court is respectfully directed to close the motions at Dkt. Nos. 9 and 31.

SO ORDERED.

Dated: October 18, 2024
New York, New York

_____
LEWIS J. LIMAN
United States District Judge