UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELLE LALLI,<br><br>    Plaintiff,<br><br>  -v-<br><br>WARNER BROS. DISCOVERY, INC.,<br><br>    Defendant. | Civil Action No. 1:24-cv-03178-LJL |

# DECLARATION OF RALPH BEIDELMAN

Ralph Beidelman, of full age, hereby declare as follows:

1. I am employed by Warner Bros. Discovery, Inc. ("WBD") as Group Senior Vice President ("GSVP"), Global Total Rewards. I make this declaration in support of Defendant WBD's Motion to Dismiss and Motion to Transfer Venue to the United States District Court for the Northern District of Georgia. I have personal knowledge of the facts in this declaration.

2. I have held the position of SVP, Global Total Rewards for approximately 15 years. I was Plaintiff Elle Lalli's supervisor from November 2022 until her employment ended on March 2, 2024.

3. Defendant WBD is a global media and entertainment company that maintains a large office and production campus in Atlanta, Georgia and employs over 3,500 regular employees in Georgia.

4. Plaintiff began working for Turner Broadcasting System, Inc., a subsidiary of Warner Media, LLC on April 15, 2020.

5. Warner Media and Discovery merged on April 8, 2022 to form the new company now known as WBD. WarnerMedia Services, LLC, ("WarnerMedia") a subsidiary of WBD, continued the employment of Plaintiff after the merger, and Plaintiff continued to work for

-2-

WarnerMedia in Atlanta, Georgia.  Before the closing of the WBD merger, I was involved in planning how our Discovery and Warner Media compensation teams would be integrated and reorganized.

6. Before I became Plaintiff's supervisor, I was the SVP Global Total Rewards for Discovery.  I continued as SVP, Global Total Rewards after the WBD merger and before I became Plaintiff's supervisor.

7. During the entire time that I was Plaintiff's supervisor, I worked from my home in Roper, North Carolina.  I never worked in a New York office of WBD.

8. Jean Ermer, who had been the Senior Vice President for Warner Media and then became Senior Vice President of Total Rewards for WBD after the merger, preceded me as Plaintiff's supervisor.  Ms. Ermer lived in California and worked for WBD in Burbank, California. Ms. Ermer's WBD employment ended in November, 2022.

9. Plaintiff was never directly supervised by any manager who lived in New York or worked in the New York offices of WBD.

10. My communications with Plaintiff were largely via Zoom teleconferences, telephone or email.  On the few occasions when I conducted in-person meetings, I asked my team to travel to WBD's Atlanta offices.  I also met with the California members of the U.S. Compensation team in Burbank, California on a few occasions.  Ms. Lalli did not express interest in traveling to Burbank for meetings and attended our meetings by Zoom instead.  The only time that I met with Plaintiff in person was during the week of September 18, 2023 in the Atlanta, Georgia offices of WBD.

11. Plaintiff had told me and others that she was not interested in travel for work or work meetings. I am not aware of any occasion when Plaintiff traveled to New York for a meeting with any other member of the Compensation team or any WBD employees.

12. After the pandemic health and safety restrictions were lifted, many employees returned to work in the Atlanta offices of WBD. Although Plaintiff was expected to go into the Atlanta offices, she rarely came into the office and instead worked from her home.

13. Plaintiff went on a medical leave of absence from July 25, 2022 to November 1, 2022 and continued to live in Atlanta, Georgia during her leave. When Plaintiff returned from her leave, I told her to do whatever she needed to do as part of her return-to-work, including to continue working from her home in Atlanta.

14. Plaintiff supported various business units during her employment with WBD. These business units were primarily located in Atlanta and California. Plaintiff supported the News and Sports business unit, which included CNN and Turner Sports. CNN And Turner Sports have long been headquartered in Atlanta, Georgia. She also supported Technology and Streaming/HBOMax. Employees of these business units were employed by WBD in Atlanta, Georgia; California; New York and at many other locations nationwide. The majority of employees in the business units Plaintiff supported were located outside of New York.

15. Most of the Global Total Rewards team in the US both before and after the WBD merger lived and worked in Burbank, California; Atlanta, Georgia; Chicago, Illinois; or other states around the country -- not New York. These compensation team members included Jean Ermer, Jacque Wright, and Renu Jeyakumar, all of whom had worked for the Warner Media Compensation team and before that Warner Bros. in Burbank, California. Joe Song also lived and worked for WBD in Culver City, California from September 2021 forward; he was previously

employed in New York. Several members of the compensation team lived in London, including Becky Eshalomi and Julie Pateman. Scott Hayes worked for WBD in Knoxville, Tennessee.

16. Nicole Vaughn was the WBD Vice President of Human Resources who supported Ms. Lalli and other Atlanta-based employees during Ms. Lalli's employment. Ms. Vaughn worked for WBD in its Atlanta offices until her employment ended in August 2023.

17. In the summer of 2023, Plaintiff proposed a reorganization of the U.S. and Canada compensation consulting team to me. Plaintiff's proposal removed the Vice President of Compensation layer, including her own job, from the team in order to fund additional headcount needed at the time. On August 24, 2023, I adopted and implemented parts of Plaintiff's proposal. As a result, the jobs of Plaintiff and Jacque Wright were both selected for elimination in the reorganization.

18. WBD made a severance offer to Plaintiff pursuant to WBD's Severance Plan. After she received the severance offer, Plaintiff began having discussions with me about her desire to leave the Company earlier than her March 1, 2024, job elimination date and by the end of 2023. In September 2023, Plaintiff and I corresponded via email regarding her severance and her job elimination date. Ultimately, Plaintiff elected to remain employed by WBD until March 2, 2024, when her job was eliminated pursuant to a subsequent version of the reorganization plan that she originally proposed.

19. Plaintiff continued to work for WBD in Atlanta until the last day of her employment on March 2, 2024.

-5-

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: May 20, 2024

*Ralph Beidelman*
Ralph Beidelman

-5-