# EXHIBIT F

| | |
|---|---|
| **From:** | Dent, Leslie |
| **To:** | Mark Carey |
| **Cc:** | Genevieve Lage; Colon, Leonor; Noebes, Pierre |
| **Subject:** | Elle Lalli v. Warner Brothers Discovery (Communication Subject to Rule 408) |
| **Date:** | Friday, March 15, 2024 2:28:18 PM |
| **Attachments:** | image001.png<br>image002.png |

Mark:

REDACTED


As I've said in our past conversations and correspondence, there is no basis for filing your client's complaint in the Southern District of New York or bringing NY statutory employment claims, if Ms. Lalli intends to proceed with litigation.   Ms. Lalli never resided or worked in New York.   To invoke the protections of either NYSHRL and NYCHRL, a plaintiff must be a resident of New York when the alleged discrimination occurred or, if the plaintiff is a non-resident, demonstrate that she suffered an "impact" within the jurisdiction. *See Hoffman v. Parade Pbls.*, 15 N.Y.3d 285, 289–91 (2010).

The Northern District of Georgia is also the proper venue for these alleged claims under 28 U.S.C. § 1391(b).   There is no meaningful connection between New York and the events that Ms. Lalli alleges give rise to her claims.  All of the alleged conduct occurred in Georgia where Ms. Lalli lived and worked throughout her employment with WBD.    If a complaint is filed in SDNY, WBD will seek its costs in filing a motion to transfer venue.

REDACTED


Please let me know if you would like to talk further.   I will be available most of next week.

**Leslie Dent**
Shareholder
404.760.3946 direct, 404.274.3679 mobile, 404.759.2354 fax
LDent@littler.com



Labor & Employment Law Solutions | Local Everywhere

3424 Peachtree Rd NE, Suite 1200, Atlanta, GA 30326

REDACTED