UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELLE LALLI,<br><br>        Plaintiff,<br><br>  -v-<br><br>WARNER BROS. DISCOVERY, INC.;<br>WARNER MEDIA, LLC U.S. SEVERANCE<br>PLAN,<br><br>        Defendants. | Civil Action No. 1:24-cv-03178-LJL |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR DECLARATORY JUDGMENT**

                                                                    **LITTLER MENDELSON, P.C.**
                                                                    900 Third Avenue
                                                                    New York, New York 10022
                                                                    212.471.4404
                                                                    Attorneys for Defendant

*Of Counsel and on the brief:*
William J. Anthony, Esq.

I.      **PRELIMINARY STATEMENT**

On October 18, 2024, this Court issued an Order permitting Plaintiff to file an amended complaint and allowing Defendant Warner Bros. Discovery, Inc. ("WBD") to renew its motion to dismiss and transfer venue to the United States District Court for the Northern District of Georgia and Defendant Warner Media, LLC U.S. Severance Plan ("WM Severance Plan") to join in Defendant WBD's Motion. [Dkt. No. 40]. Plaintiff subsequently filed her seventy-five-page complaint in this Court. [Dkt. No. 41 ("Amended Complaint" or "FAC")]. Plaintiff's meandering, lengthy complaint contains 233 paragraphs, with 116 paragraphs that contain alleged facts. In her lengthy Amended Complaint, Plaintiff asserts a total of seventeen (17) causes of action under federal and New York state law against Defendants Warner Bros. Discovery, Inc. ("WBD") and Warner Media, LLC U.S. Severance Plan ("WM Severance Plan") (collectively as "Defendants"). While it is unclear from Plaintiff's scattershot and prolix Amended Complaint, Defendants understand the first sixteen (16) claims are brought solely against Defendant WBD and the seventeenth claim – a cause of action for the alleged unlawful denial of ERISA severance benefits pursuant to Section 502(a)(1)(b) and (a)(3) – is brought solely against Defendant WM Severance Plan. (*See* FAC ¶ 220). As recognized by Plaintiff in her Amended Complaint, the operative severance plan is the Warner Media, LLC U.S. Severance Plan established and effective as of August 1, 2022 (the "2022 ERISA Severance Plan"). (FAC ¶ 221).

Given that the terms of the 2022 ERISA Severance Plan control whether Plaintiff is entitled to receive any severance benefits, and Plaintiff failed to execute the release required by the 2022 ERISA Severance Plan, the Court should grant Defendants' motion for declaratory relief and issue a declaratory judgment that Plaintiff must sign a release of all claims if she prevails on her ERISA claim, and all other claims in her Amended Complaint must be dismissed.

## II.     STATEMENT OF RELEVANT FACTS

As described above, the relevant document is the 2022 ERISA Severance Plan.[1]  While Plaintiff references and quotes sections of the Plan throughout her Amended Complaint, she fails to include the relevant portions of the applicable plan regarding severance pay, eligibility, and the release requirement. For example, as described in the applicable 2022 severance plan, receipt of severance benefits at any amount under the ERISA severance plan would require Plaintiff to execute a release of all other claims arising from her termination:

> You will not receive severance pay and other benefits under the Plan unless . . . you execute a separation agreement and general release . . . (the "General Release"), under which, among other things, you release and discharge the Company, Participating Affiliates, Related Companies, related entities and persons from all claims and liabilities (unless such release is prohibited by applicable law) for any period up to the date you execute the General Release, including but not limited to all claims and liabilities relating to your employment with your Participating Employer and/or the termination of your employment . . . .  For purposes of clarity, your Participating Employer will not pay or continue to pay severance pay or any other benefits under this Plan unless you satisfy the Release Requirement.

(Exhibit A, 2022 ERISA Severance Plan, pp. 5-6).[2]

---

[1] On October 11, 2024, Plaintiff filed a Rely Memorandum in Support of her Motion for an Order Granting Leave to File her Proposed First Amended Complaint against Defendants.  [Dkt. No. 39]. In her Reply, Plaintiff – among other things – asserts that the exhibit to Defendant WBD's opposition brief (Dkt. No 35-1) was an incorrect and superseded version of the ERISA Severance Plan (the "2021 ERISA Severance Plan"). [Dkt. No. 39, n. 3].   While it is correct that the 2021 ERISA Severance Plan had been updated and replaced by the 2022 ERISA Severance Plan, the only meaningful difference between the 2021 and 2022 versions of the ERISA Severance Plan is that the 2022 version includes a lump sum payment option for foreign nationals.  All of the relevant provisions of the 2021 and 2022 versions of the ERISA Severance Plan are identical, including but not limited to the terms regarding severance pay, eligibility, and the release requirement.

[2] A district court may consider "not only the assertions made within the four corners of the complaint itself, but also those contained in documents attached to the pleadings or in documents incorporated by reference." *Gregory v. Daly*, 243 F.3d 687, 691 (2d Cir. 2001); *see also Kramer v. Vendome Grp. LLC*, No. 11 Civ. 5245 (RJS), 2012 WL 4841310, at *1 (S.D.N.Y. Oct. 4, 2012). Moreover, records of an administrative agency are public records and contain facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

2

Thus, any employee (including Plaintiff) must execute a release in order to receive any severance pay under the terms of the 2022 ERISA Severance Plan.

### III. LEGAL ARGUMENT AND CITATION OF AUTHORITIES

Pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. § 2201, Defendants ask the Court to issue a declaratory judgment that Plaintiff must sign a release of all claims if she prevails on her ERISA claim, and all other claims in her Amended Complaint must be dismissed.

"A request for a declaratory judgment . . . is ripe for adjudication if there 'is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality.'" *Mishcon De Reya N.Y. LLP v. Grail Semiconductor, Inc.*, 2014 WL 656062, at *5 (S.D.N.Y. Feb. 20, 2014) (quoting *Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co.*, 411 F.3d 384, 388 (2d Cir. 2005)). Courts determine whether a "substantial controversy" exists on a case-by-case basis, but generally entertain declaratory judgments "when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue," or "when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *ESI, Inc. v. Coastal Power Production Co.*, 995 F. Supp. 419, 429 (S.D.N.Y. 1998) (quoting *Fort Howard Paper Co. v. William D. Witter, Inc.*, 787 F.2d 784, 790 (2d Cir. 1986)). Whether Plaintiff must sign a release of all claims if she prevails on her ERISA claim and the issues arising therefrom most assuredly satisfies this standard.

Plaintiff does not allege that she executed a separation agreement and general release. Indeed, Plaintiff refused to sign the separation agreement and general release she was offered at

---

*Louis Vuitton Malletier S.A. v. LY USA*, Inc., 676 F.3d 83, 88 (2d Cir. 2012) (quoting Fed. R. Evid. 201(b)(2)); *Lia v. Saporito*, 909 F. Supp. 2d 149, 161 (E.D.N.Y. 2012) (citations omitted) ("[a]gency determinations and administrative findings are public records of which a court may properly take judicial notice."). It is therefore proper to rely on the documents relied on and incorporated by reference throughout Plaintiff's Amended Complaint.

3

the time her employment was terminated and she refused to sign it any time during the consideration period following her termination. Thus, she has failed to meet the condition precedent to her receipt of severance benefits under the Plan. A release can be a valid condition precedent to the receipt of severance benefits. *See Loskill v. Barnett Banks, Inc. Severance Pay Plan*, 289 F.3d 734, 737 (11th Cir. 2002). In *Loskill,* the court relied upon *Lockheed Corp. v. Spink*, 517 U.S. 882, 888, 116 S.Ct. 1783, 135 L.Ed.2d 153 (1996), where the United States Supreme Court addressed whether an employer's requirement that an employee sign a release of all claims against the employer prior to receiving benefits under a welfare plan violated § 406 of ERISA. The *Loskill* court noted that "although the Supreme Court did not address whether such a requirement would violate an anti-cutback provision, its discussion provides some guidance as to whether we should view the release amendment as a reduction or elimination of benefits or as a condition precedent to the receipt of those benefits. The Supreme Court stated, '[An] employer can ask [an] employee to continue to work for the employer, to cross a picket line, or to retire early. The execution of a release of claims against the employer is functionally no different; like these other conditions, it is an act that the employee performs for the employer in return for benefits.' *Id.* at 894, 116 S. Ct. 1783. Thus, it seems clear that the Supreme Court views this type of requirement as a condition precedent." *Loskill*, 289 F.3d at 737.

      Here, like in *Loskill*, the unambiguous terms of the 2022 ERISA Severance Plan require an employee to sign a general release of all claims as a condition precedent to receiving any severance benefits. (*See* Exhibit A, pp. 5-6). As such, the terms of the 2022 ERISA Severance Plan are clear, if Plaintiff prevails on her ERISA claim, she must *first* execute a general release of all her claims against Defendants in order to receive her severance benefits.

## IV.  CONCLUSION

For the reasons set forth above and the plain language in the 2022 ERISA Severance Plan, the Court should grant Defendants' motion and issue a declaratory that if Plaintiff prevails on her ERISA claim she must sign a release of all claims and all other claims in her Amended Complaint must be dismissed.

Dated: November 25, 2024

New York, New York

LITTLER MENDELSON, P.C.

By: */s/ William J. Anthony*
William J. Anthony
wanthony@littler.com
900 Third Avenue
New York, NY  10022.3298
Telephone:  212.583.9600
Facsimile:  212.832.2719

Leslie A. Dent (*pro hac vice*)
ldent@littler.com
LITTLER MENDELSON, P.C.
3424 Peachtree Road N.E.
Suite 1200
Atlanta, GA  30326.1127
Telephone:    404.233.0330
Facsimile:    404.233.2361

Attorneys for Defendant